

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2007

# DiGenova v. Baker

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3255

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"DiGenova v. Baker" (2007). *2007 Decisions.* Paper 1796.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1796

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-77                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3255

———————

JOSEPH C. DIGENOVA,
and other Banquet
Server Extras Local 274

v.

PRESIDENT BOB BAKER; VICE PRESIDENT PAT COUGLIN;
ARA/SFS; CHIPS UNION; TEMP AGENCIES VARIOUS;
BEST PERSONNEL, INC.

Joseph DiGenova,
Appellant

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(Civ. No. 02-cv-00098)
District Judge: Honorable Berle M. Schiller

———————

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2006

———————

BEFORE:  BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>

(Filed:   January 9, 2007)

———————

OPINION

———————

PER CURIAM

In January 2002, Joseph DiGenova filed a civil action in the United States District Court for the Eastern District of Pennsylvania alleging ineffective representation, fraud, misrepresentation, defamation and mistreatment by his union with the cooperation of the other named defendants. In an Order entered on April 12, 2002, the District Court granted defendants' motions and dismissed DiGenova's complaint after concluding that DiGenova failed to either establish a basis for the court's jurisdiction or state a cause of action for which relief could be granted against any defendant. DiGenova did not appeal the District Court's order of dismissal and took no further action for more than four years when, on May 25, 2006, he filed a motion seeking to reopen his civil action. The grounds upon which DiGenova bases his reopen request are less than clear. He includes allegations that CHIPS' officers have embezzled from union members, have misappropriated salaries and "pay outs," and have engaged in other "trusteeship violations." DiGenova asserts at one point that the "cause" set forth in his reopen motion pertains to the "same case files" as his original complaint, but elsewhere asserts that some of the allegations raised in his post-judgment motion did not exist until July 2004.

In an order entered on June 1, 2006, the District Court denied DiGenova's reopen motion without discussion. DiGenova, proceeding pro se, appeals from this order. DiGenova was notified that his appeal would be considered for summary action, and he has filed a response to that listing as well as a motion requesting that he be permitted to expand the record to include certain tape recordings.

We have jurisdiction pursuant to 28 U.S.C. § 1291. After independently reviewing

2

the record and DiGenova's summary action response, we conclude that the District Court acted within its discretion in denying DiGenova's post-judgment motion. Initially, we note that DiGenova could have appealed the District Court's adverse decision issued back in 2002 if he thought the court erred in its decision to dismiss the action. See, e.g., Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (Rule 60(b) cannot be used as a substitute for an appeal). Moreover, even aside from the issue of timeliness, DiGenova's motion simply presents no showing of exceptional circumstances warranting extraordinary relief under Fed. R. Civ. P. 60(b)(6) or any other provision for that matter. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2000). Accordingly, finding that the appeal presents no substantial question, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4; I.O.P. 10.6. DiGenova's motion to expand the record is denied.